UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

```
MIGUEL ANGEL AMAYA-ESPARZA,    ) Case No. CV 08-7519-VAP(RC)
                               )
              Petitioner,      )
                               )
vs.                            ) OPINION AND ORDER ON A
                               ) PETITION FOR HABEAS CORPUS
LINDA SANDERS, WARDEN LOMPOC   )
FCC,                           )
                               )
              Respondent.      )
_____)
```

On November 13, 2008, petitioner Miguel Angel Amaya-Esparza, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking cancellation of removal or deportation from the United States on the grounds petitioner's removal order is in violation of "due process, full notice and opportunity to respond, denial of competent counsel, [and] confrontation with witnesses against me." Petition at 2-4.

**DISCUSSION**

On May 11, 2005, President Bush signed into law the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005) ("the Act"), which

1  significantly amended portions of the Immigration and Naturalization
2  Act.  Fernandez-Ruiz v. Gonzales, 410 F.3d 585, 587 (9th Cir. 2005),
3  *adopted by* 466 F.3d 1121, 1124 (9th Cir. 2006) (en banc).  Specifi-
4  cally, the Act provides:

6      Notwithstanding any other provision of law (statutory or
7      nonstatutory), including section 2241 of Title 28, or any
8      other habeas corpus provision, and sections 1361 and 1651 of
9      such title, a petition for review filed with an appropriate
10     court of appeals in accordance with this section shall be
11     the **sole and exclusive means** for judicial review of an order
12     of removal entered or issued under any provision of this
13     chapter, except as provided in subsection (e) of this
14     section.  For purposes of this chapter, in every provision
15     that limits or eliminates judicial review or jurisdiction to
16     review, the terms "judicial review" and "jurisdiction to
17     review" include habeas corpus review pursuant to section
18     2241 of Title 28, or any other habeas corpus provision,
19     sections 1361 and 1651 of such title, and review pursuant to
20     any other provision of law (statutory or nonstatutory).

22 8 U.S.C. § 1252(a)(5)(emphasis added); see also 8 U.S.C.
23 § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other
24 provision of this chapter (other than this section) which limits or
25 eliminates judicial review, shall be construed as precluding review of
26 constitutional claims or questions of law raised upon a petition for
27 review filed with an appropriate court of appeals in accordance with
28 this section.").  Moreover, the Act applies to cases "in which the

2

1  final administrative order of removal, deportation, or exclusion was
2  issued before, on, or after the date of the enactment of this Act."
3  Pub. L. No. 109-13, 119 Stat. 231, 311 (2005).  Thus, the Act requires
4  aliens challenging a final deportation, exclusion, or removal order to
5  file a petition for review in the appropriate federal court of
6  appeals.  Almaghzar v. Gonzales, 457 F.3d 915, 918 n.1 (9th Cir.
7  2006), cert. denied, 127 S. Ct. 1839 (2007); Alvarez-Barajas v.
8  Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005).

10     Here, petitioner, who is in custody for violating 8 U.S.C. §
11 1326(a) and (b)(1) (deported alien found in United States),[1] claims
12 his initial deportation from the United States following a criminal
13 conviction was unconstitutional, and he seeks relief from that removal
14 order.  See Petition at 2-4.  Under the Act, this Court lacks subject
15 matter jurisdiction over petitioner's habeas corpus petition, and the
16 pending petition and action should be summarily dismissed for lack of
17 subject matter jurisdiction, pursuant to Local Rule 72-3.2.[2]

### ORDER

20    IT IS ORDERED that Judgment shall be entered summarily dismissing
21 the habeas corpus petition and action for lack of subject matter

---

[1]  See United States v. Amaya-Esparza, United States District Court for the Eastern District of California case no. CR 07-0081-MCE.

[2]  Local Rule 72-3.2 provides that "if it plainly appears from the face of the [habeas] petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."  Local Rule 72-3.2.

jurisdiction.

The Clerk of Court is ordered to serve this Opinion and Order and Judgment on petitioner.

DATE: December 1, 2008

*/s/ Virginia A. Phillips*
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: November 25, 2008

   /S/ Rosalyn M. Chapman
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\08-7519.mdo
11/25/08

4